UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

YASMANY GONZALEZ MACHADO,

Petitioner,

v. Case No. 3:26-cv-2940-MMH-LLL

WARDEN, NORTH FLORIDA
DETENTION FACILITY, et al.,

Respondents.

## ORDER

Petitioner Yasmany Gonzalez Machado, an immigration detainee, is proceeding pro se on a Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Doc. 1; Petition), filed October 26, 2026. See generally Petition. Gonzalez Machado alleges that he is a citizen of Cuba who was temporarily detained at the border and paroled into the United States on June 11, 2019. Id. at 4. On October 16, 2026, United States Immigration and Customs Enforcement re-detained him. Id. Gonzalez Machado raises various challenges to his immigration detention and seeks, inter alia, an individualized bond hearing or, alternatively, immediate release. See id. at 4–6.

Respondent Warden filed Respondent Warden, Baker Correctional Institution's Motion to Dismiss Petition for Writ of Habeas Corpus (Doc. 5;

Warden's Response) arguing he is not a proper respondent in this case. See generally Warden's Response. The Federal Respondents filed a Response to Petition and Show Cause Order (Doc. 6; Federal Respondents' Response) asserting that they are now detaining Gonzalez Machado under 8 U.S.C. § 1226(a), and conceding that, to the extent he seeks an individualized bond hearing, the Court should grant the Petition based on the Eleventh Circuit Court of Appeals' recent decision in Hernandez Alvarez v. Warden, Federal Detention Center Miami, 175 F.4th 1258 (11th Cir. 2026) (concluding that "§ 1225 applies to arriving aliens seeking entry at the border, whereas § 1226 applies to aliens unlawfully in the interior"). Federal Respondents' Response at 1.

When Gonzalez Machado was detained in October 2026, he was not seeking entry at the border; therefore, as the Federal Respondents now concede, he is not subject to § 1225 and instead is detained under § 1226. See Hernandez Alvarez, 175 F.4th at 1285 (recognizing the "longstanding border-interior distinction" for purposes of immigration detention that Congress preserved in the Immigration and Nationality Act). Accordingly, it is

**ORDERED**:

1. Gonzalez Machado's Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Doc. 1) is **GRANTED** as to his claim that his detention without an individualized bond hearing violates the Immigration and

Nationality Act.[1] Within **seven days** of this Order, Respondents shall either afford Gonzalez Machado an individualized bond hearing consistent with 8 U.S.C. § 1226(a) or release him.[2] If Respondents release Gonzalez Machado, they shall provide him with access to a telephone to arrange transportation from the detention facility.

2. Respondent Warden, Baker Correctional Institution's Motion to Dismiss Petition for Writ of Habeas Corpus (Doc. 5) is **DENIED**. See, e.g., Fonseca v. Ripa, No. 3:26-CV-309-MMH-MCR, 2026 WL 1072778, *4–5 (M.D. Fla. Apr. 21, 2026).

---

[1] Because the Court finds that Gonzalez Machado is entitled to relief on his assertion that Respondents violated the Immigration and Nationality Act, the Court need not address his remaining contentions. See Banks v. Dretke, 540 U.S. 668, 689 n.10 (2004) (declining to address an additional claim in a habeas petition after granting relief on another claim because "any relief [petitioner] could obtain on that claim would be cumulative").

[2] Gonzalez Machado is not entitled to immediate release. See, e.g., Valiente Perez v. Warden, Glades Cnty. Det. Ctr., No. 2:26-CV-2417-KCD-NPM, 2026 WL 2730233, at *1 (M.D. Fla. Sept. 16, 2026) (recognizing that the "'comfortable majority position'" is that an alien held under 8 U.S.C. § 1226(a) "is entitled to a bond hearing[,] . . . not immediate release"(quoting Lopez-Arevelo v. Ripa, 801 F. Supp. 3d 668 (W.D. Tex. 2025))).

3. The **Clerk** is directed to terminate any pending motions, enter judgment granting the Petition, and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this 5th day of November, 2026.

**MARCIA MORALES HOWARD**
United States District Judge

Lc36
c:
Counsel of Record
Yasmany Gonzalez Machado